# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | | |
|---|---|---|
| **JERRY W. HAMILTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COLDWELL BANKER** | ) | **CASE NO. 2011-7** |
| **MORTGAGE; PHH MORTGAGE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant PHH Mortgage Corporation d/b/a Coldwell Banker Mortgage[1] (hereinafter "PHH"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended, file this Notice of Removal in the action styled *Hamilton v. Coldwell Banker Mortgage, et al.,* CV-2010-902704, in the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama, Mobile Division.  In support thereof, Defendant states as follows:

---

[1]     Both Coldwell Banker Mortgage and PHH Mortgage Corporation are named defendants to this lawsuit; however, PHH Mortgage Corporation conducts business under the name Coldwell Banker Mortgage.  Coldwell Banker Mortgage is not a distinct entity from PHH Mortgage Corporation.

## I.   GROUNDS FOR REMOVAL

This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of cases.

On November 30, 2010, Plaintiff filed suit in the action styled *Hamilton v. Coldwell Banker Mortgage, et al.,* CV-2010-902704, in the Circuit Court of Mobile County, Alabama.

PHH was served with the Summons and Complaint by certified mail on December 6, 2010.[2]   Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days after PHH's receipt of the Summons and Complaint by certified mail.

Jurisdiction of this action is based upon 28 U.S.C. §§ 1332, 1441, and 1446, as amended.  This action is removable pursuant to 28 U.S.C. § 1441, which authorizes removal of any civil action brought in a state court in which the United States District Court for that district has original jurisdiction.  Moreover, this Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and pursuant to 28 U.S.C. § 1441(b), because diversity of citizenship exists between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[2]    A separate summons and complaint was also sent to the attention of Coldwell Banker Mortgage, served on December 6, 2010.

Pursuant to 28 U.S.C. § 1446(a), a copy of all records and proceedings from the state court file, including a copy of all process, pleadings, and orders served upon the Defendant, is attached to this notice of removal as Exhibit "A" and incorporated herein by reference.

## II.   DIVERSITY OF CITIZENSHIP

Upon information and belief, at the time of the commencement of this action, and at all times subsequent thereto, Plaintiff Jerry W. Hamilton is a citizen of the State of Alabama.

PHH Mortgage Corporation is a New Jersey corporation with its principal place of business in New Jersey.

## III.   AMOUNT IN CONTROVERSY

The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

When the jurisdictional amount in controversy is not apparent from the face of the complaint, "'the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.'" *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). The removing defendant may do this by submitting their own affidavits, declarations, or other documentation. *Id.* at 755.

While the Plaintiff's Complaint does not specify the amount of damages which Plaintiff seeks, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff executed a Mortgage on the property at issue for Ninety-Eight Thousand and no/100 ($98,000.00) Dollars, on October 28, 2005. A true and correct copy of the Mortgage is attached hereto as Exhibit "B". Plaintiff alleges that he received a letter dated October 28, 2010, whereby he was notified "that he was in default, and that the debt secured by the mortgage was being accelerated by PHH and that in order to reinstate the mortgage and avoid foreclosure he would have to pay $102,462.78." *See* Complaint, ¶ 9. Plaintiff also alleges that PHH lacked a beneficial interest in the mortgage and note at the time the notice was first published on November 2, 2010 (and thus also presumably on October 28, 2010, the day on which Plaintiff was notified of the acceleration of the debt). *See id.* Furthermore, Plaintiff alleges that the acceleration of the debt constitutes negligence by PHH. *See* Complaint, ¶ 27. As relief, Plaintiff requests a declaration that PHH lacks authority to conduct a foreclosure sale on December 3, 2010,[3] as well as a declaration that "at the time of the purported foreclosure sale was noticed and the loan accelerated, [PHH] held no beneficial interest in the mortgage or note which would provide any standing under

---

[3]   The foreclosure sale at issue was postponed, and is currently scheduled for January 7, 2011. Presumably, Plaintiff continues to contend that PHH lacks authority to conduct the January 7 foreclosure.

applicable law to conduct any foreclosure." *See* Complaint, Request for Relief.

In *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255 (11th Cir. 2000), the Eleventh Circuit stated that "the value of an injunction for amount in controversy purposes must be measured by what the plaintiff stands to gain." *Id.* at 1268, n. 9.  In this case, Plaintiff alleges that PHH lacked any beneficial interest in the Note at the time that foreclosure proceedings began, as well as on November 30, 2010, the date of the filing of the Complaint.  By alleging that PHH lacked a beneficial interest in the Note at the time that foreclosure proceedings commenced, Plaintiff essentially contends that PHH lacked a sufficient interest in the Note and/or Mortgage to accelerate the debt.  Plaintiff alleges that the accelerated amount of the debt was $102,462.78 as of October 28, 2010. *See* Complaint, ¶ 9. If Plaintiff succeeds on his claims, proving that PHH did not hold a sufficient interest in the debt at the time that the debt was accelerated and foreclosure proceedings began, the effect to Plaintiff will be that he no longer owes the accelerated amount because the debt was improperly accelerated.  Therefore, the value of this to Plaintiff is $102,462.78, the amount which he would no longer owe.  This is bolstered by Plaintiff's contention that the acceleration of the debt was negligent. *See* Complaint, ¶ 27.

Additionally, the Mortgage establishes that the fair market value of the Property at issue in this case is $98,000.00, which far exceeds the requisite

jurisdictional amount. *See Mapp v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 3664118, *4 (M.D. Ala. Oct. 28, 2009) (finding that the note and mortgage "are contracts that establish the fair market value of [the plaintiff's] property interest."); Ex. B.

## IV.   CONCLUSION

Because the parties to this action are completely diverse in citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, this Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, 1441, and 1446, as amended.

Defendant has provided the Plaintiff, by and through his counsel of record, with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).   Further, the Defendant will cause a copy of this Notice of Removal to be timely filed with the Clerk of the Circuit Court of Mobile County, Alabama, where the action was pending.

If any question arises as to the propriety of the removal of this action, the Defendant respectfully requests the opportunity to conduct discovery limited to that issue and to thereafter submit post-removal evidence, as well as a brief and oral argument, further supporting their position that this case is removable.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court will take cognizance and jurisdiction of this cause and make any and all

orders necessary to effect the removal of this cause from the Circuit Court of Mobile County, Alabama, to this Honorable Court.

Respectfully submitted,

s/ Meaghan E. Ryan
Kerry McInerney
James S. Williams
Meaghan E. Ryan
Attorneys for Defendant PHH Mortgage Corporation

**OF COUNSEL:**

SIROTE & PERMUTT, P.C.
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:  (205) 930-5100
Fax:  (205) 930-5335
kmcinerney@sirote.com
jwilliams@sirote.com
mryan@sirote.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing to the following via United States Mail, properly addressed and postage prepaid, on this the 5th day of January, 2011:

Kenneth J. Riemer, Esq.
Underwood & Riemer, P.C.
166 Government Street, Ste. 100
Mobile, AL 36602
kjr@alaconsumerlaw.com


s/ Meaghan E. Ryan _____
Of Counsel